**Victor Charles FOURSTAR,
Jr., Appellant**

v.

**Kevin ECKROTH; Al Farley; Tom
Diehl; Jayne Kahne; James
Samples.**

No. 12–2195.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Jan. 17, 2013.

Opinion filed: Jan. 30, 2013.

Victor Charles Fourstar, Jr., Pollock,
LA, pro se.

United States Attorney Middle District
of Pennsylvania, Office of United States
Attorney, Scranton, PA, for Kevin Eck-
roth, Al Farley, Tom Diehl, Jayne Kahne
and James Samples.

Before: SCIRICA, HARDIMAN and
GREENAWAY, JR., Circuit Judges.

---

## OPINION

PER CURIAM.

Victor C. Fourstar, Jr., appeals from an
order of the United States District Court
for the Middle District of Pennsylvania,
which denied his motion to proceed in for-
ma pauperis (IFP), and dismissed his civil
rights complaint without prejudice.[1] The
District Court denied the motion to pro-
ceed IFP, pursuant to 28 U.S.C. § 1915(g),
because Fourstar has had three or more
cases dismissed as frivolous or for failure
to state a claim upon which relief may be
granted. A prisoner with three such
"strikes" may not proceed without prepay-
ment of fees unless he can show "imminent
danger of serious physical injury." 28
U.S.C. § 1915(g). The District Court de-
termined that Fourstar had failed to make
that showing. We agree.

Our review of the District Court's appli-
cation of § 1915(g) is de novo. *Gibbs v.
Cross*, 160 F.3d 962, 964 (3d Cir.1998). To
show imminent danger, a prisoner must
show the danger is imminent at the time
he files his complaint. "Allegations that
the prisoner has faced imminent danger in
the past are insufficient to trigger this
exception to § 1915(g) and authorize the
prisoner to pay the filing fee on the install-
ment plan." *Abdul–Akbar v. McKelvie*,
239 F.3d 307, 313 (3d Cir.2001) (en banc)
(quoting *Ashley v. Dilworth*, 147 F.3d 715,
717 (8th Cir.1998)).

Here, Fourstar alleged in his IFP mo-
tion in the District Court that on February
23, 2012, about 6 weeks before the com-
plaint was filed, another inmate had

---

1. Fourstar's complaint alleged "First Amend-
ment claims of interference with mail and
denial of access to the courts, as well as due
process violations arising out [of] his incar-
ceration at the United States Penitentiary at
Canaan, Pennsylvania." District Court Or-
der, April 9, 2012, at 1.

planned to assault him, because Fourstar is serving time for a sex crime. However, prison officials learned of the plan and thwarted the attempt by moving Fourstar to segregated detention. Fourstar also alleged that prison officials conspired to delay and impede his legal filings, so that he would not be able to collaterally challenge his conviction. He argued that unless he could get his conviction overturned, he would continually be subject to imminent danger.

Although Fourstar may have faced danger of assault in February 2012, prison officials were able to prevent any harm. By the time he filed his complaint, Fourstar was not in danger of being assaulted by the inmate who had threatened him. Fourstar's conviction may subject him to an increased risk of harm at the hand of fellow inmates, but Fourstar's IFP motion did not contain any information showing that he was in imminent danger of any serious physical injury at the time he filed his complaint.

For the foregoing reasons we will affirm the District Court's order.[2]

---

**2.** All pending motions are denied, except for the motion for an extension of time to pay the appellate filing fees. Because Fourstar did not pre-pay the District Court's fees or show that he was in imminent danger at the time he filed the complaint, we cannot reach the merits of his complaint, nor can we address his related requests for injunctive relief filed in our Court. Similarly, we lack the authority to "amend" Fourstar's complaint. To the extent Fourstar seeks a nunc-pro-tunc extension of time to pay the fees for this appeal, the motion is granted. The District Court has received and docketed his payment of $455.00 for this appeal. Dkt. # 9.